UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:23-cr-00662-16 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Reuben J. Sheperd |
| JAMES CLEMONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Defendant James Clemons moves for temporary release to attend the funeral of his brother who recently passed away. By all accounts, Mr. Clemons had a close relationship with his brother, whose death was unfortunate and unexpected due to a heart attack at a young age. Defendant is currently detained at the Northeast Ohio Correctional Center in Youngstown, Ohio. The United States opposes the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 14, 2024, a grand jury indicted Mr. Clemons, among numerous others. (ECF No. 189.) Mr. Clemons is charged with RICO conspiracy as part of the Fully Blooded Felons gang, which "engaged in, among other things, acts of violence to include murder, kidnapping, assault, robbery, drug distribution, and firearms trafficking." (ECF No. 189, ¶ 1, PageID #815.) Mr. Clemons is charged with having "knowingly and intentionally conspired" in racketeering activity that consisted of "multiple threats and acts involving" murder, robbery, kidnapping, and arson, as well

as multiple offenses involving trafficking and the distribution of controlled substances." (*Id.*, ¶ 19, PageID #820–21.)

According to the second superseding indictment, Mr. Clemons actively participated in gang meetings and group text conversations, including discussions in which he was "holding or running" the meetings. (*Id.*, ¶¶ 33 & 36, PageID #823–24.) Other members of the organization, including Raven Mullins, listed Mr. Clemons as the Fully Blooded Felon's "head enforcer." (*Id.*, ¶ 47, PageID #826.)

The second superseding indictment charges that, on September 12, 2023, Mr. Clemons and others attempted to rob a victim at gunpoint, resulting in Mr. Clemons allegedly shooting and killing the victim. (*Id.*, ¶¶ 56–57, PageID #828.) These events resulted in an additional charge against Mr. Clemons for murder in aid of racketeering. (*Id.*, ¶ 252, PageID #876–77.)

On December 4, 2024, the United States notified the Court that it did not intend to seek the death penalty for Mr. Clemons. (ECF No. 207.) Based on the change in administration, and an Executive Order issued on January 20, 2025, the Court requested that the Attorney General advise whether she intended to stand on the decision of the prior administration or to revisit it. (ECF No. 280.) On April 10, 2025, the United States notified the Court of its renewed intent not to seek the death penalty for Mr. Clemons. (ECF No. 293.)

On September 8, 2025, the Court held a telephone conference with defense counsel and the United States regarding the motion for temporary release in which counsel argued for their respective positions.

## ANALYSIS

Under the Bail Reform Act, the Court may order the temporary release of a defendant detained while he awaits trial "in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Temporary release under Section 3142(i) does not disturb the original detention order and is not a release from custody. *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020). Further, the defendant has the burden of establishing circumstances warranting temporary release. *Id*. at *2. "[P]risoners do *not* have the right to leave prison to . . . attend funerals of relatives." *Beasley v. Konteh*, 433 F. Supp. 2d 874, 877 (N.D. Ohio 2006) (citing *Merritt v. Broglin*, 690 F. Supp. 739, 741–42 (N.D. Ind. 1988); *Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998)).

Mr. Clemons faces serious charges and a lengthy sentence. The United States has twice declined to seek the death penalty for Mr. Clemons in this case. (ECF No. 207; ECF No. 293.) Crimes of violence, including those with a firearm, may contribute to a determination that a defendant is a risk of harm to others and "leans against release." *United States v. Smoot*, No. 2:19-cr-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020). The Court has serious concern for public safety from the temporary release of Mr. Clemons. He faces charges of having a prominent role in a criminal gang involved in "murder, kidnapping, assault, robbery, drug distribution, and firearms trafficking." (ECF No. 189, ¶ 1, PageID #815.) Indeed, Mr. Clemons

was allegedly considered to be its "head enforcer." (*Id.*, ¶ 47, PageID #826.) Moreover, he is charged with shooting and killing a victim. (*Id.*, ¶¶ 56–57, PageID #828.)

## CONCLUSION

For all of these reasons, the Court cannot determine that the record supports temporary release, and the Court finds that there is no condition or combination of conditions that can assure the safety of the community even during a limited and temporary period of release. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the motion. (ECF No. 315.) Specifically, live streaming is available for services for Donteze Mitchell. (*See* ECF No. 316, PageID #1762.) Therefore, the Court **GRANTS** Defendant's motion and **ORDERS** Northeast Ohio Correctional Center to permit Mr. Clemons to view the services remotely from the institution. The Court directs Defendant's counsel to work with Northeast Ohio Correctional Center to ensure that Mr. Clemons may view the funeral remotely from the institution on September 12, 2025. Defense counsel is authorized to distribute this Order to the appropriate individuals at the Northeast Ohio Correctional Center and others for purposes of effectuating this Order. Otherwise, the Court **DENIES** the motion for temporary release.

**SO ORDERED.**

Dated: September 9, 2025

                                                          J. Philip Calabrese  
                                                          United States District Judge  
                                                          Northern District of Ohio